IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 7:21-CR-008-O

RICKY DALE HOWARD (01)

### GOVERNMENT'S NOTICE OF INTENT TO USE OTHER ACTS EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 413, 414, AND 404(b)

The government files this notice of evidence that may be introduced as inextricably intertwined or pursuant to Federal Rules of Evidence 413, 414 and/or 404(b), and request for pretrial ruling.

### Introduction

Howard was charged in a four-count indictment with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e); receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and accessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  The government seeks to introduce evidence admissible pursuant to Rules 413, 414, and/or 404(b) to prove identity, knowledge, intent, absence of mistake or accident, proof of motive, and motus operandi, not to show Howard's bad character or to show propensity.  All records, reports, and discovery related to the notice below have been previously provided or made available to the defense attorney and continue to be available for his review.

## Notice

Specifically, the government anticipates introduction of the following evidence:

1. In and between December 2009 to August 2012, the defendant took photographs and videos of MV1, date of birth March 15, 1997. Some of the photographs and videos were taken surreptitiously, without MV1's shirt on, and some of them were located on the devices listed in the indictment;

2. The defendant possessed additional images of child pornography and child exploitation which were found on the devices in the indictment;

3. Evidence on the defendant's computers of the file sharing program "Freenet" with evidence of downloads and of Freenet sites

4. Evidence from the Gateway computer that the defendant searched the internet, in InPrivate Browsing, for "12 year old sex drive" and "really muscular child" and other similar terms;

5. Evidence on the Gateway computer that the defendant viewed magazines and went to webpages providing access to child exploitation and/or child pornography and relating to man/boy love;

6. Evidence that the defendant gathered and recorded information regarding polygraphs and how to pass them while in sex offender treatment;

7. Evidence of court-ordered sex offender treatment as a condition of the defendant's federal Bank Fraud conviction on April 13, 2007[1], and the records from that treatment from on or about November 2009 to October 2012, including statements by the defendant regarding sexual interests and arousal, prior allegations against him of sexual abuse of minor boys, an interest in pornography, a sexual interest and arousal by a "14 year old nephew," maintenance polygraphs, immediately prior to and during the time period in count one;

8. Evidence of the defendant sexually abusing of the following minor boys: (a) C.G.; (b) B.S.; (d) R.F.; and (e) S.D., covering a time period from 1983 to 1995.

---

1 On April 13, 2007, Ricky Howard was convicted of Bank Fraud Aiding and Abetting in cause no. 7:06-CR-027-R and sentenced to 46 months in the U.S. Bureau of Prisons and three years supervised release. If the Court rules that the court-ordered sex offender treatment information is admissible, the government agrees to omit mention of the bank fraud conviction, if the defense so requests.

In addition, the government may introduce the following evidence under Rules 404(b) or 609, if it becomes relevant, and thus is not requesting a pretrial ruling on this matter:

1. Conviction for Unlawful Possession of a Firearm by a Felon in cause no. 2015-0105M-CR in Montague County, Texas on June 29, 2016.

2. Conviction for Bank Fraud Aiding and Abetting in cause no. 7:06-CR-027-R in the Northern District of Texas on April 13, 2007.

The United States reserves the right to make further disclosures at a later date, but prior to trial, in the event that the government discovers additional misconduct by the defendant.

## Relevant Facts

On March 15, 2015, MV1 turned 18 years old.  On Wednesday, April 1, 2015, MV1's mother reported him missing to the Police Department in Nocona, Texas.  A missing person investigation began at that time, but the case went cold.  In October 2017, Investigator Kevin Benton of the Montague County Sheriff's Office reopened the case and reviewed the missing person file.

Howard has been a lifelong resident of Nocona, Texas. Since the 1980's, Howard has employed local boys to work on his land.  When MV1's family moved to Nocona, Texas in 1997, his family and Howard's family developed a close relationship. MV1 and Howard's youngest son became best friends and the families vacationed together. In or about 2009, when MV1 was about middle-school age, he and his older brother started working for Howard on his various properties, tending oil pumps, mowing, helping with

cattle, and performing other ranch related work.  MV1 continued to work for Howard until his disappearance in 2015.  In fact, MV1 had traveled from the Metroplex, where he was attending high school, to Nocona for the weekend to work for Howard days before his reported disappearance.

Naturally, the police spoke with Howard after MV1 was reported missing.  During the initial investigation, the Nocona police chief noticed a computer burn pile on Howard's property, which he thought was strange.  Howard also mentioned to the chief that a clock radio with a hidden camera had been stolen from the camper he had parked on his land.

Over two years later, on October 25, 2017, after having reviewed the case, Investigator Benton interviewed Karla Howard, Howard's ex-wife, and inquired about Howard's computers.  She provided Benton with an old Gateway computer, which contained a Western Digital hard drive, (collectively referred to as the "Gateway computer"), and which had been stored in a closet for over two years.  She gave Benton consent to search it.

FBI's North Texas Regional Computer Forensic Lab ("RCFL") later conducted a forensic examination of the Gateway.  The examiner found over 100 images of child pornography in thumbcache.  The examiner also located child exploitation images and webpage screenshots containing information on man/boy love.  Two of the images are described in count four of the indictment.  One of the child pornography images located on the Howard Gateway depicted MV1 with Howard, as described in count one.  In

addition, the examination revealed web searches for "12 year old sex drive", "really muscular child" and for spy cameras. The search for "12 year old sex drive" was conducted in InPrivate Browsing mode. Moreover, there were shirtless pictures and videos of MV1 contained on the computer, which could be considered exploitative.

On September 18, 2018, Investigator Benton took possession of an Acer laptop computer that Howard had used for business purposes. Howard had given the Acer to his daughter, Jenna Kellogg, in 2015, so she could run the business for him. Howard, Karla Howard, Jenna Kellogg, Christopher Howard, Lynn Uselton and Chris Uselton each had possession and/or access to the Acer laptop at some point in time.

RCFL searched the Acer pursuant to a warrant and located additional images of child pornography. Six of those images are described in counts two and three of the indictment. The forensic examiner found four images of MV1, who was on a couch with Howard inside a camper. Two of the images are described in count one. The other images depict MV1 on the couch shirtless. In one, Howard is touching MV1's chest with Howard's hand. In the other photograph, Howard's hand is down MV1's shorts. Only one of the four images on the Acer shows Howard's face, which is a profile view.

Redacted versions of the images were shown to MV1's father, MV1's mother, MV1's sister, a local physician, Howard's two sons, and Karla Howard. Each person indicated that it was MV1 and Howard in the images. They placed MV1 at approximately 13 to 15 years of age in the images. Additionally, MV1's sister, MV1's mother, Howard's two sons, and Karla Howard all stated it appeared the pictures were

taken inside the Howard family camper trailer, which stayed on the family farm located outside of Nocona, Texas.

Everyone that had access or possession at any time of the Gateway and Acer computers were interviewed and denied ever accessing, downloading, viewing or otherwise putting child pornography on the computers.

## Argument and Authorities

As part of its case in chief, the government must prove for count one that Howard employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that minor.  In count two, the government must show that the defendant knowingly received child pornography.  In count three, the government must show that the defendant knowingly possessed child pornography on his Acer laptop computer.  In count four, the government must show that the defendant accessed with intent to view child pornography on his Gateway computer.

The government submits that all of the evidence described above is relevant to show (1) Howard was the individual who committed the crimes charged; (2) he acted knowingly; (3) he acted intentionally; (4) he was the one who produced the images of child pornography in count one; (5) he is the person in the images in count one; (6) he was sexually interested in child pornography, specifically males under the age of 17 years; and (7) it was not a mistake or accident that he produced an image of child

pornography, received child pornography, possessed child pornography, or accessed child pornography with the intent to view it.

In addition to the government's burden on each element of the charged offenses, per the defendant's jail calls, Howard intends to contest his identity as the person who committed the charged offenses. The government anticipates that Howard will claim at trial that he did not employ, use, persuade, induce, entice or coerce a minor; that he did not produce the image in count one; that he did not have the intent to produce a visual depiction of the minor in count one; that he is not the person in the images in count one; that he is not the person who put the images in counts one, two, three or four on the related devices; that he did not have the intent to receive, possess, or access with intent to view images of child pornography; that someone else possessed, received, and produced the child pornography; and possibly, that any receipt, possession or access with intent to view was by mistake or accident.

### 1. Admissibility under Rule 402 and as Inextricably Intertwined

Uncharged images, testimony regarding the existence of any or all uncharged child pornography files, including relevant file names and directory folders, are admissible under Fed. R. Evid. 402. *See*, *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991) ("Evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)."); *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997) (same).

Evidence of other crimes, wrongs, or acts is admissible where the other crime, wrong, or act is inextricably tied in with the offense charged. *United States v. Hawley*, 516 F.3d 264, 267 (5th Cir. 2008) (holding that "[e]vidence that is 'inextricably intertwined' with the evidence used to prove the crime charged is not 'extrinsic' evidence under Rule 404(b)"); *United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 2001) (holding that "[e]vidence of uncharged crimes is not extrinsic [within the proscription of Rule 404(b)] if it is inextricably intertwined with the evidence of charged offenses, or if it is necessary to complete the story of the crime"), *withdrawn in part*, 309 F.3d 274 (5th Cir. 2002); *United States v. Carrillo*, 561 F.2d 1125, 1127 (5th Cir. 1977) (affirming the district court's decision to admit evidence of defendants' criminal conduct where that evidence was "inextricably tied to the basic elements" of the crime charged).

The Fifth Circuit has recognized this principle and has noted that "Rule 404(b) only applies to limit the admissibility of evidence of extrinsic acts" and that "[i]ntrinsic evidence . . . is generally admissible 'so that the jury may evaluate *all* the circumstances under which the defendant acted.'" *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007) (emphasis added) (citing *United States v. Manning*, 79 F.3d 212, 218 (1st Cir. 1996).

The forensic evidence shows that the produced images as well as the child pornography images of other minors were deleted before Investigator Benton came into possession of the computers. As a result, some of the critical metadata associated with images, to include file structures and dates, no longer exists. In order to prove when and

how the offenses occurred, along with the defendant's knowledge of the contents of his storage devices, the government intends to introduce other evidence regarding other images that connect Howard to the offense or that establish the victims' identity and status as a minor.  Moreover since MV1 is still a missing person, the other evidence is needs as MV1 cannot come to court to testify in regards to the images in count one.

### a.    Evidence of other pictures and videos of MV1

The proposed non-pornographic images of MV1 were taken over a period from December 2009 to October 2012 by the defendant.  The images provide identification of the minor and of the defendant, provide a visual timeline regarding MV1's age, which is a matter before the jury, demonstrate the surreptitious nature of pictures taken of MV1 by the defendant, demonstrate access by the defendant to MV1 and constitute evidence that the defendant knowingly used a minor to produce visual depictions of the minor engaged in sexually explicit conduct.

To establish that the image in count one depicts a real minor, the government may rely on the photographs and video of MV1 located on the defendant's computers, as well as, testimony regarding the defendant taking pictures without MV1's knowledge with MV1's shirt off, which would constitute evidence that the defendant produced the images in count one, the defendant engaged in the sexually explicit conduct with MV1 in the images in count one, the approximate age of MV1 in the images in count one, that the defendant had access to MV1, and knew that MV1 was a minor.

### b.    Additional images and testimony regarding the presence of other child

**pornography, Freenet, internet searches and webpages**

When the forensic examiner analyzed the Gateway and Acer computers used by Howard, the examiner found numerous images of child pornography on both devices, as well as the file sharing program Freenet and related downloads and sites; internet searches for "12 year old sex drive", "really muscular child" and screenshots of the magazine "Boy Fuck"; and webpages providing access to child exploitation and/or child pornography related to man/boy love on the Gateway. The government submits additional images of child pornography, the file sharing program, internet search history, magazine screenshots and webpages about child pornography along with the testimony about them is relevant to establish that Howard produced child pornography and that Howard knowingly received, possessed, and accessed child pornography from the Internet which is part of, or inextricably intertwined with, the same conduct charged in the indictment.

Images of minors provide evidence that the defendant knew the contents of the charged image files, – *i.e.*, that they depicted minors engaged in sexually explicit conduct. *See United States v. Layne*, 43 F.3d 127, 131 (5th Cir. 1995) (admission of additional images provides a "reasonable basis" for the jury to determine that the defendant knew the images he sent were visual depictions of minors and that he had an interest in child pornography). In turn, the search history for "12 year old sex drive" and "really muscular child" done in InPrivate Browsing and screenshots of a magazine titled "Boy Fuck" and webpages where child pornography images may be seen and/or

downloaded from, also provide a "reasonable basis" for the jury to determine the defendant knew the images were visual depictions of minors and that he has an interest in child pornography. The same evidence also connects Howard to the charged crimes, since he accessed and used the Gateway and Acer computers containing the charged images in counts one, two, three, and four.

Because the government may introduce only a few additional images rather than all the uncharged images, the prejudicial value will not substantially outweigh the probative value of the evidence.

Evidence of the file sharing program Freenet and related downloads and sites explains how the defendant received, possessed, and accessed child pornography, and as such is inextricably intertwined with counts two, three and four.

### c.   Information regarding polygraphs and sex offender treatment

In connection with his bank fraud conviction, Howard attended court-ordered sex offender treatment beginning in November 2009, until October 2012. The time frame for the images in counts one and two coincides with this timeframe. The defendant's sex offender treatment records, including his statements of sexual interest in teenage boys, are thus inextricably intertwined with the offenses charged in counts one, two, three, and four. As part of sex offender treatment, Howard was required to take polygraphs to help measure his progress and compliance. On Howard's Gateway computer was a search for "polygraph questions." After MV1's disappearance, MV1's mother found paperwork in her home that was in Howard's handwriting with Howard's polygraph questions on it,

along with a packet on how to pass polygraphs and a clock radio containing a hidden camera.

As MV1 is missing and unable to testify at trial, it is possible for the jury to believe, or for Howard to argue, that MV1 produced the images in count one, especially given that the clock radio and hidden camera were found at MV1's Nocona home.

Howard's statements in sex offender treatment, which occurred during the time frame alleged in counts one and two, strongly support that he produced the images in count one. Howard admitted that he had sexual interest in children, alluded to committing prior sexual abuse against two boys, and revealed his sexual interest in a "14 year old nephew," whose description matches MV1. Howard had access to MV1 while he was in sex offender treatment. Moreover, statements by Howard of a sexual interest in children and in pornography as part of his treatment provide a reasonable basis for the jury to believe it was Howard who had an interest in child pornography and not the others who also possessed the computers.

## 2. Admissibility under 413 (Similar Crimes in Sexual-Assault Case) and 414 (Similar Crimes in Child Molestation Case)

In a criminal case in which a defendant is accused of sexual assault or an attempt or conspiracy to commit sexual assault, Federal Rule of Evidence 413 permits the use of evidence that the defendant committed any other sexual assault for which it is relevant. FED. R. EVID. 413(a) and (d).[2] The rule, moreover, does not limit the admission or

---

2 In relevant part, Rule 413(d) provides:

consideration of evidence under any other rule.  FED. R. EVID. 413(c).  Indeed, "Congress

intended, in passing Rule 413, to provide an exception to Rule 404(b)'s general bar and

to permit the trier of fact to draw inferences from propensity evidence." *United States v.*

*Rogers*, 587 F.3d 816, 821 (7th Cir. 2009) (enticement case) (citing *United States v.*

*Julian*, 427 F.3d 471, 486 (7th Cir. 2005); *see also United States v. Schaffer*, 851 F.3d

166, 181 (2d Cir. 2017); *United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006).

While the Rule 403 balancing of the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or considerations of undue delay, waste of time, or needless

presentation of cumulative evidence remains, Rule 413 changes Rule 403's calculation.

*Id*.  Under this rule, in a criminal trial for an offense involving sexual assault, it is not

improper to draw the inference that the defendant committed the sex offense because he

has a propensity to do so.  *Id*.  Indeed, Rule 413 evidence normally should be admitted,

and Rule 403 should be infrequently invoked to exclude it.  *United States v. Enjay*, 143

F.3d 1427, 1431-33 (10th Cir. 1998).

        Where a defendant is accused of child molestation, which applies to persons below

the age of 14,[3] the Court may permit introduction of evidence that a defendant committed

---

In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state"
is defined in 18 U.S.C. § 513) involving:  (1) any conduct prohibited by 18 U.S.C. chapter 109A; (2)
contact, without consent, between any part of the defendant's body--or an object--and another person's
genitals or anus; (3) contact, without consent, between the defendant's genitals or anus and any part of
another person's body;. . . (5) an attempt or conspiracy to engage in conduct described in subparagraphs
(1)-(4)."

3 The government anticipates evidence at trial that MV1 was possibly 13-15 years old in the images in count one,
which indicates application of Rules 413 and 414.  Additionally, the minor victims in counts two, three, and four are
known victims below the age of 14 as required in Rule 414.

**Notice of Use of Other Acts and Response, in part, to Defense Motion in Limine - Page 13**

"any other child molestation."  FED. R. EVID. 414(a).  An accusation of "child

molestation" includes conduct prohibited in United States Code Title 18, Chapter 110.

FED. R. EVID. 414(d)(2)(B).  The offenses charged in the indictment are violations of 18

U.S.C. §§ 2251 and 2252, which fall under Chapter 110 of Title 18 of the United States

Code.  "Child" is defined as a person younger than 14; "child molestation" also includes

contact between any part of the defendant's body—or an object—and a child's genitals or

anus.  FED. R. EVID. 414(d).

Evidence of molestations or sexual contact has been admitted pursuant to Rule 414

in other child pornography trials.  In one trial for the offenses of receipt and possession of

child pornography, a defendant's admissions of molesting his niece were introduced.

*United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012).  The Eleventh Circuit first

determined Rule 414 permitted evidence of other molestations where the charged

offenses involved child pornography. *Id*.  The Court then determined the defendant's

admissions would be proper "so long as this evidence satisfied the other Rules of

Evidence, including Rule 403." *Id*. (internal citation omitted).  In an unpublished

opinion, the Fifth Circuit also found evidence of molestations admissible in a child

pornography case. *United States v. Moore*, 425 F. App'x. 347, 352 (5th Cir. 2011).  In

that case, the government sought to introduce evidence to show the defendant's sexual

interest in children. *Id*.  The Fifth Circuit found no abuse of discretion where the district

court conducted a Rule 403 analysis and concluded that the prejudicial effect was limited

because of the similarity of the mental states involved in both crimes and because the

proposed testimony was not graphic or extensive, was subject to cross examination, and finally, the defense could present rebuttal witnesses.  *Id.*

The images in count one show contact between Howard's hand and the genitals of MV1, who is under 17 years of age at the time and unable to legally consent to sexual contact.  *See* TEX. PENAL CODE ANN. § 21.11 (West 2017).  As such, count one meets the definition of "sexual assault" under Rule 413.  Moreover, the child pornography images with minor victims in counts two, three, and four, fall squarely within 18 U.S.C. chapter 110, and as such meet the requirements under Rule 414.

Evidence of Howard's prior sexual abuse against C.G., B.S., R.F., and S.D. falls squarely within aggravated sexual assault as defined by Texas Penal Code 22.021.  *See* FED. R. EVID. 413.  Each of these men were sexually abused by Howard between the ages of 10-13 when they worked for Howard on his property, and Howard often provided alcohol to them prior to and during their abuse.

C.G. was sexually abused by Howard from approximately 1983 until 1987.  C.G. describes Howard's hand contacting C.G.'s penis and vice versa, as well as, Howard's mouth contacting C.G.'s penis and vice versa on multiple occasions in multiple locations over a period of years.  C.G. describes that at times a video camera would be present, though he is unsure if it was recording.  C.G. states that at times prior to the abuse Howard would give him an alcoholic drink.  C.G. describes after his abuse, Howard used his position on the school board to protect C.G. from getting kicked out of school.

B.S. was sexually abused by Howard from approximately 1985 until 1987.  B.S. describes Howard's mouth on B.S.'s penis on more than one occasion in multiple locations.  B.S. describes being given alcohol prior to the abuse on these occasions.  B.S. describes Howard telling B.S. if he told of the abuse that B.S.'s parents would lose everything and making sure B.S. knew there was a .22 pistol in Howard's truck at all times.  Additionally, B.S. received loans from Howard, while Howard was a bank president.

R.F. was sexually abused by Howard from approximately 1988 until 1991.  R.F. describes Howard's hand contacting R.F.'s penis and vice versa, along with, Howard's mouth contacting R.F.'s penis and vice versa on multiple occasions in multiple locations over a period of years.  In addition, R.F. describes Howard's penis contacting R.F.'s anus on at least two occasions, and Howard showing him pornographic images.

S.D. was sexually abused by Howard from approximately 1993 until 1995.  S.D. describes Howard's hand contacting S.D.'s penis and vice versa, along with, Howard's mouth contacting S.D.'s penis on multiple occasions in multiple locations.  In addition, Howard showed S.D. pornographic images.  Howard told S.D. he would get into lots of trouble if S.D. told of the sexual abuse by Howard.

The abuse of C.G. and B.S. came to light during the course of the investigation into the Bank Fraud Aiding and Abetting, cause no. 7:06-CR-027-R.  As a result of the sexual abuse allegations being made known to the District Court, Howard was required to attend sex offender treatment as a condition of supervised release.  In that sex offender

treatment Howard alluded to having sexually abused two boys, who previously made allegations.

Therefore, the evidence of prior aggravated sexual abuse of these victims, in particular C.G. and B.S., is admissible under Rules 413 and 414 as to counts one, two, three and four because it is relevant to show the Howard produced the image in count one; is the person who put the image in count one on his two computers; is the person who received, possessed, and accessed child pornography on the computers; and goes to his identity, knowledge, intent, motive, and opportunity to commit the charged offenses.

### 3. Admissibility under 404(b)

While all the previously described evidence should be admitted under Rules 402, 413, and/or 414, if the Court should determine that such evidence does not fall within one of those rules, it should also be admitted pursuant to Fed. R. Evid. 404(b), as relevant to show Howard's identity, motive, knowledge, opportunity, intent, lack of mistake or accident, or *modus operandi* for intending to produce, receive, possess and access child pornography.

For extrinsic evidence to be admissible, it must first be relevant to an issue other than the defendant's character and, second, the danger of unfair prejudice to the defendant must not substantially outweigh the probative value of the evidence. *United States v. Caldwell*, 586 F.3d 338, 345 (5th Cir. 2009) (internal citations omitted); *United States v. Beechum*, 582 F2d.898, 911 (5th Cir. 1978). Relevant evidence may be inherently prejudicial, but "it is only *unfair* prejudice, *substantially* outweighing

probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983).

By pleading not guilty in this case, Howard has placed in issue his identity, along with, his intent to employ, use, persuade, induce, entice, or coerce a minor for the purpose of producing a visual depiction of the minor engaged in sexually explicit conduct. *See United States v. Doggett*, 230 F.3d 160, 167 (5th Cir. 2000) (recognizing that by pleading not guilty to a conspiracy charge, the defendant placed motive, intent, knowledge, and absence of mistake at issue). Additionally, he has placed in issue his identity as the person who received, possessed, and accessed child pornography; his intent to produce, receive, possess, and access child pornography; his knowing receipt, possession and access of child pornography; and his opportunity to commit the charged offenses. *Id.* It is also common in cases involving child pornography for defendants to place mistake or accident at issue.

The government may prove identity, knowledge, motive, and intent by presenting evidence that the defendant was involved in similar acts on previous occasions. *See United States v. Wolford*, 386 F. App'x 479, 483-84 (5th Cir. 2010) (transcripts of online conversations with anonymous third parties found on defendant's computer, pornographic images of children found on defendant's computer, a list of bookmarked pornographic websites found on defendant's computer, and still images captured from pornographic videos that defendant sent to the undercover officer properly admitted

under Rule 404(b) in enticement case); *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995) (extrinsic evidence of child pornography admissible when used to prove scienter).

One way for the government to prove identity, motive, intent and knowledge is through the introduction of circumstantial evidence, such as the other images of MV1, numbers and types of other images present on Howard's computers, internet search history, websites visited by the defendant, prior instances of committing sexual abuse of a child, and statements made during sex offender treatment. This type of evidence is probative of the defendant's knowledge regarding the character and content of the images, to establish the identity of the perpetrator as the defendant, to show his motive in producing the images, and to prove that the Howard's production, receipt, possession and access of child pornography images was not an accident or mistake. In addition, the prior instances of sexual abuse of other boys is evidence of Howard's *modus operandi*, motive, and identity as the person who produced the images in count one.

Howard's sexual interest and arousal by adolescent boys is demonstrated by his prior sexual abuse of other boys and the information in his court-ordered sex offender treatment records. During the course of the investigation into the bank fraud is when the child sexual abuse allegations came to light regarding C.G. and B.S.[4] The sexual abuse of R.F. and S.D. came to light once MV1 disappeared and an investigation into that ensued.

---

4 If the Court rules that the court-ordered sex offender treatment information is admissible, the government agrees to omit mention of the bank fraud conviction, if the defense so requests.

**Notice of Use of Other Acts and Response, in part, to Defense Motion in Limine - Page 19**

Howard was in court-ordered sex offender treatment during the time frame in count one of the indictment, which depicts Howard sexually abusing MV1.  He was in treatment during the time frame in count two.  Howard's sex offender treatment records, including his allusions to committing prior acts of sexual abuse against two boys, his sexual interest in a "14 year old nephew," his sexual arousal by this nephew, his masturbation to thoughts of this nephew, and his admission of interest in pornography all go to identity, motive, intent, knowledge, lack of mistake or accident, and modus operandi.  Howard agreed to not be alone with minors or view pornography of any kind. Date stamps on pictures of MV1 shirtless in Howard's computers indicate Howard was with MV1 during this time.  The testimony at trial will reflect that no one, including Howard's wife at the time, was aware of his required sex offender treatment or his condition to not be alone with minors.

Under a Rule 403 balancing test, the evidence the government seeks to offer is highly probative and not unfairly prejudicial.  FED. R. EVID. 403.  This type of evidence is probative of the defendant's identity as the one who produced the child pornography images and as the one who received, possessed, and accessed the charged child pornography.  Additionally, it shows Howard's motive, knowledge, intent lack of mistake or accident, and *modus operandi* as it relates to the production, receipt, possession and accessing of child pornography.

## Conclusion

The government seeks to introduce evidence and testimony regarding other images of MV1; other child pornography images of other minor victims; Freenet and related items; Internet search histories for "12 year old sex drive", "really muscular child" and other similar terms conducted in InPrivate Browsing; screenshots of webpages offering child pornography; and Howard's statements during sex offender treatment as admissible under Rule 402 and as inextricably intertwined with the offenses charged in the indictment.  Additionally, this evidence as well as evidence of Howard's interest in minors—as demonstrated by his sex offender treatment records and prior sexual abuse of minor boys, are admissible under Rules 413, 414, and/or 404(b).   Finally, all the evidence regarding Howard's exploitation of children as it relates to production of child pornography is relevant and probative to establish Howard's commission of each of the offenses charged in the Indictment.  Due to the fact that MV1 is missing and unavailable to testify about count one; that the charged images from both computers lack important metadata about when, how or by whom they were obtained; and that multiple people had access to both computers prior to law enforcement receiving them, makes all of the evidence highly probative in showing it is the defendant who committed the charged offenses.

Because this evidence is highly probative of the essential elements of each count and is not substantially outweighed by any prejudice to the defendant, the government

request permission to introduce it.  The government likewise requests a ruling on the

admissibility the evidence pretrial.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s/ Brandie Wade*
BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile:  817-252-5455
Email: brandie.wade@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of June, 2021, I electronically filed the
foregoing document with the clerk of court for the U.S. District Court, Northern District,
using the electronic case filing system of the court.  The electronic case filing system sent
a "Notice of Electronic Filing" to the following attorneys of record who has consented in
writing to accept this Notice as service of this document by electronic means: Dustin
Nimz.

*/s/ Brandie Wade*
BRANDIE WADE
Assistant United States Attorney