IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | NO. 7:21-CR-008-O |
| RICKY DALE HOWARD (01) | |

### GOVERNMENT'S MOTION IN LIMINE REGARDING PRE-TRIAL AUTHENTICATION OF EVIDENCE

The United States of America, by and through the undersigned counsel, hereby files this motion in limine for the Court to recognize prior to trial that certain records, documents, and data are self-authenticating under Federal Rule of 902(14).

### I.   Background

The United States brings this motion to simplify and shorten trial and save resources by eliminating the need to have multiple witnesses travel to Fort Worth to testify simply as to what is on the certifications/affidavits already provided. Federal Rules of Evidence establish that certain records are self-authenticating. *See* Fed. R. Evid. 902(14) ("certified data copied from an electronic device, store medium, or file). Based on these rules, and the certifications previously provided to the defendant, the United States moves *in limine* to have the following records designated as self-authenticating:

1. Evidence derived from forensic images of the following electronic devices (Fed. R. Evid. 902(14)):

| Document(s) or Record(s) | Government's Exhibit Number |
|---|---|
| Gateway desktop Western Digital hard drive forensic image and Acer laptop computer Seagate hard drive forensic image, hard drive | 56 |

Government's Motion in Limine - Page 1

The United States has sought a stipulation to the authenticity of the above-cited records. Counsel for the defendant have not agreed to the stipulation. The government therefore requests that the Court rule on the issue prior to trial. The ruling the government seeks would only authenticate records in advance of trial in order to conserve resources of the Court, the jury, the government, and the witnesses by avoiding the need to call forensics examiners who would testify only to the forensic copies of electronic devices. The records at issue can still be challenged on other grounds. *See*, *e.g.*, Fed. R. Evid. 902(14), advisory committee's note to 2017 amendment. As such, the government may still call witnesses as necessary to establish relevance and explain the significance of the evidence described above.

## II. Legal argument

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This standard is not burdensome. *United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015). "[C]onclusive proof of authenticity is not required for the admission of disputed evidence" because "the jury holds the ultimate responsibility for evaluating the reliability of the evidence." *Id.*

## III. Forensic copies of computers

Federal Rule of Evidence 902(14) extends the self-authentication provision to data copied from electronic devices and files (but does not extend the hearsay exception in Rule 803(6)). *See* Fed. R. Evid. 902(14), advisory committee's note to 2017 amendment. The United States has provided the defendant with proper notice and the accompanying

certifications. Should the two witnesses be required to testify regarding Exhibit 56, it would be simply to say that an exact copy of the hard drives was created and stored at the FBI's North Texas Regional Computer Forensic Lab which was then provided to an FBI Special Agent who then made an exact copy of both hard drives onto an external hard drive labeled Exhibit 56 and provided that copy to the forensic analyst who processed and analyzed the copied data. The United States therefore requests that the Court find that the forensic images of the computer hard drives described above are authentic.

## IV.  CONCLUSION

The United States respectfully requests that the Court conclude that live testimony for the sole purpose of authenticating the records described above is unnecessary.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

/s/ *Brandie Wade*
BRANDIE WADE
Assistant United States Attorney
State Bar of Texas No. 24058350
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817-252-5200

### CERTIFICATE OF CONFERENCE

I hereby certify that I conferred about this motion with Christy Jack, Letty Martinez, and Benson Varghese, counsel for the defendant. No response as to an agreement or objections has been received by the government as of the filing of this motion.

s/ *Brandie Wade*
BRANDIE WADE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

 I hereby certify that on July 15, 2021, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

        s/ *Brandie Wade*
        BRANDIE WADE
        Assistant United States Attorney