

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA

v.                                              No. 7:21-CR-008-O

RICKY DALE HOWARD (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

RICKY DALE HOWARD, ("the Defendant"), the Defendant's attorney, and the

United States of America ("the government"), agree as follows:

1.   **Rights of the Defendant**:   The Defendant understands that he has the

right:

      a.   to plead not guilty;

      b.   to have a trial by jury;

      c.   to have his guilt proven beyond a reasonable doubt;

      d.   to confront and cross-examine witnesses and to call witnesses in his
          defense; and

      e.   against compelled self-incrimination.

2.      **Waiver of rights and plea of guilty**:      The Defendant waives these

rights, waives any defenses he may have based on any statute of limitations, and pleads

guilty to the offense alleged in Count One of the Superseding Information, charging a

violation of 18 U.S.C. §§ 2251(a) and (e), that is sexual exploitation of a child.   The

Defendant understands the nature and elements of the crime to which he is pleading

guilty, and agrees that the factual resume he has signed is true and will be submitted as

evidence.

3.      **Sentence**:      The minimum and maximum penalties the Court can impose

are as follows:

Count One:   Sexual Exploitation of a Child

- a.  a term of imprisonment for not less than fifteen (15) years and not more than thirty (30) years;
- b.  a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss to the victim;
- c.  a term of supervised release of any term of years or life but not less than five (5) years, which is mandatory under the law and will follow any term of imprisonment.   Revocation of the term of supervised release could result in an additional period of confinement.   If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
- d.  a mandatory special assessment of $100;
- g.  restitution to the victim or to the community, which may be mandatory under the law;
- h.  registration as a sex offender under the Sex Offender Registration and Notification Act;
- i.  costs of incarceration and supervision; and
- j.  forfeiture of property.

4.      **Court's sentencing discretion and role of the Guidelines**:      The

Defendant understands that the sentence in this case will be imposed by the Court after

consideration of the United States Sentencing Guidelines.   The guidelines are not

binding on the Court, but are advisory only.   The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and he will not be allowed to withdraw his plea if his sentence is higher than expected.

5.     **Mandatory special assessment**:   The defendant agrees to pay to the U.S. District Clerk the amount of $100.

6.     **Defendant's agreement**:   In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.   The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing

obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.    **Defendant's testimony:**   The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which he has knowledge.   If he chooses to do so, however, his testimony must be complete and truthful.   Incomplete or dishonest testimony will be breach of this agreement.

8.    **Destruction of property**:    The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized during the investigation of the defendant leading to the Superseding Information in this case, which is specifically listed below:

a.    Gateway Desktop Computer, Model SX2802, serial no. PTGA102028942058723000; and

b.    Acer Aspire Laptop Computer, Model 5251-1513, serial no. LXPWJ020010171DE3B1601

Defendant affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be electronically stored on or within the listed property, at its discretion.   The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their

official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property.   The defendant further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

9.   **Government's agreement**:   The United States government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts and indictments that the defendant is not pleading guilty to.   The District Attorney's Office for the 97th Judicial District Court of Montague County agrees to dismiss the following pending indictments against Ricky Howard: 2018-0078M-CR; 2018-0206M-CR; 2018-0077M-CR; and 2016-0005M-CR after his federal sentencing. The agreement with the District Attorney's Office for the 97th Judicial District Court of Montague County is limited to the pending indictments listed in this paragraph.

10.   **Violation of agreement**:   The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the United States and the District Attorney's Office for the 97th Judicial District Court of Montague County will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of which it has knowledge.   In such event, the Defendant waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the Defendant also

waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11.    **Voluntary plea**:    This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.    There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.    **Representation of counsel**:    The Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.    The Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.    Because he concedes that he is guilty, and after conferring with his lawyer, the Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.    **Waiver of right to appeal or otherwise challenge sentence**:    The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and any order of forfeiture. The Defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.    The Defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of

this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14.   **Limitation of Agreement**:   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the District Attorney's Office for the 97th Judicial District of Texas.   It does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the Defendant or any property.

15.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _20th_ day of _July_ , 2021.


RICKY DALE HOWARD
Defendant

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455


CHRISTY JACK
LETTY MARTINEZ
Attorney for Defendant

ALEX LEWIS
Deputy Criminal Chief


CASEY POLHEMUS

97th Judicial District Attorney
Montague, Clay, Archer Counties
State Bar No. 24077936

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.    I fully understand it and voluntarily agree to it.

RICKY DALE HOWARD
Defendant

Date 7/20/2021

I am the defendant's attorney.    I have carefully reviewed every part of this plea agreement with the defendant.    To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

CHRISTY JACK
LETTY MARTINEZ
Attorney for Defendant

Date 7/20/2021

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:    where I reside; where I am an employee; and where I am a

Plea Agreement: Howard                         Page 8

student.   I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.   I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.   I further understand that I am required to provide information relating to my intended travel outside the United States.   I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____          _____
RICKY DALE HOWARD                                    Date      7/20/2021
Defendant

_____          _____
CHRISTY JACK                                                  Date      7/20/2021
LETTY MARTINEZ
Attorney for Defendant